# IN THE UNITED STATES COURT OF APPEALS

# FOR THE SIXTH CIRCUIT

---

**Samantha Hallman**
            Appellant,

    v.                                          Case No. 25-2166

**Travis Reeds, et al.,**
            Appellees

---

ON APPEAL FROM THE UNITES STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
THE HON. JUDGE BRANDY R. MCMILLION,
UNITED STATES DISTRICT COURT JUDGE

---

## MOTION FOR LEAVE TO FILE BRIEF *AMICUS CURIAE* OF GRAND TRAVERSE-LEELANAU-ANTRIM BAR ASSOCIATION IN SUPPORT OF APPELANT URGING REVERSAL

---

/s/ Agnieszka Jury
AGNIESZKA JURY (MI P79779)
attorney@PillarServicesUSA.com

/s/Lawrence LaSusa
LAWRENCE LASUSA (MI P41558)
llasusa@lasusalaw.com

**Grand Traverse-Leelanau-Antrim Bar Association**
PO Box 182
Traverse City, MI   49685-0182
Phone:231-668-7022


*Counsel for Amicus Curiae the Grand Traverse-Leelanau-Antrim Bar Association*

Pursuant to Federal Rule of Appellate Procedure 29(a), the Grand Traverse-Leelanau-Antrim Bar Association ("GTLA Bar Association") respectfully move this Court for leave to file the accompanying *amicus* brief in support of Plaintiff-Appellant urging reversal of the decision below. Counsel has conferred with counsel for the parties and has been informed that Plaintiff-Appellant consents to the motion. Counsel for Defendant-Appellee has not communicated Defendant-Appellee's position on the motion.

Traditionally, *amicus curiae* "assist[s] in cases of general public interest by supplementing the efforts of private counsel and by drawing the court's attention to law that might otherwise escape consideration." *Shoemaker v. City of Howell*, 795 F.3d 553, 562 (6th Cir. 2015). Under the Federal Rules of Appellate Procedure, a motion for leave to file an amicus brief must establish "the movant's interest" and "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(a)(3). Motions for leave to file amicus briefs are appropriately granted "unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002).

GTLA Bar Association is a voluntary association of attorneys practicing in northern Michigan, dedicated to maintaining high professional standards, improving the administration of justice, and supporting the effective functioning of the courts. Its members regularly appear in Michigan trial courts, including those where access

to audio recordings of proceedings is not provided.

This case presents an issue of substantial importance to the administration of justice: whether access to audio recordings of court proceedings plays a meaningful role in the functioning of the judicial process. As detailed in the accompanying brief, GTLA Bar Association's members encounter the practical consequences of this issue on a daily basis. Attorneys must routinely draft orders, prepare filings, and advise clients without access to a reliable record of proceedings, often waiting months for transcripts or relying solely on memory and notes.

The proposed amicus brief is desirable and relevant because it provides the Court with practical, experience-based insight into how the absence of access to court recordings affects the real-world operation of the judicial system. Unlike the parties, Amicus offers a broader institutional perspective grounded in the collective experience of practicing attorneys across multiple courts. The brief demonstrates that access to audio recordings materially improves the accuracy, efficiency, and fairness of judicial proceedings by:

- Enabling attorneys to accurately reflect oral rulings in written orders;

- Reducing disputes over what occurred during hearings;

- Providing safeguards against transcription errors; and

- Mitigating inequities caused by the cost and delay of obtaining transcripts.

These are not abstract concerns. They are recurring, systemic issues that directly affect litigants, attorneys, and courts throughout Michigan. The Court's resolution of this case will therefore have significant implications for the functioning of the judicial process.

For the foregoing reasons, the Grand Traverse-Leelanau-Antrim Bar Association respectfully request that the Court grant its motion to file a brief as *amicus curiae*.

Dated: April 14, 2026

Respectfully submitted,

/s/ Agnieszka Jury
AGNIESZKA JURY (MI P79779)
attorney@PillarServicesUSA.com

/s/Lawrence LaSusa
LAWRENCE LASUSA (MI P41558)
llasusa@lasusalaw.com

**Grand Traverse-Leelanau-Antrim
Bar Association**
PO Box 182
Traverse City, MI   49685-0182
Phone:231-668-7022

## CERTIFICATE OF COMPLIANCE UNDER RULE 32(G)(1)

The undersigned counsel certifies that this motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 403 words. The undersigned counsel further certifies that this motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Office 365 in 14-point Times New Roman font.

Dated: April 14, 2026                    /s/ Agnieszka Jury
                                         Agnieszka Jury